IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**COREY JERRY PRITCHETT**,                    Civil Case No. 3:10-CV-00746-KI

                Plaintiff,                    OPINION AND ORDER

    vs.

**CLACKAMAS COUNTY**, et al.,

                Defendants.

       Corey Jerry Pritchett
       16888342
       Two Rivers Correctional Institution
       82911 Beach Access Road
       Umatilla, Oregon  97882

          Pro Se Plaintiff

Page 1 - OPINION AND ORDER

Stephen L. Madkour
Clackamas County Counsel
Office of County Counsel
2051 Kaen Road
Oregon City, Oregon  97045-1819

      Attorney for Defendants

King, Judge:

Plaintiff Corey Jerry Pritchett brings this civil rights action alleging he was subjected to cruel and unusual punishment in violation of the Eighth Amendment while in custody at Clackamas County Jail.  Specifically, Pritchett alleges Clackamas County understaffs the medical personnel at the jail, which resulted in a jail nurse acting deliberately indifferent when she injected Pritchett with insulin and rendered him unconscious until he was revived after transport to a hospital.

Before the court is Defendants' Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment [25].  As part of Plaintiff's Amended Response and Opposition to Defendant's Motion for Judgment on the Pleadings or Summary Judgment [34], Pritchett seeks leave to file a Second Amended Complaint.

## DISCUSSION

I.    <u>Request to Amend Complaint</u>

As part of his response to defendants' motion, Pritchett asks the court for leave to file a Second Amended Complaint with four amendments:  (1) adds a title to his claim; (2) changes the date of the incident from an unspecified date in June 2008 to June 30, 2008; (3) adds a paragraph of allegations against Sheriff Roberts; and (4) adds a paragraph concerning when Pritchett gave notice of his claim to Dr. Lewis.

Page 2 - OPINION AND ORDER

Whether to grant or deny a motion to amend pleadings is a matter within the court's discretion. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). There is a strong policy favoring amendment. Id. Courts frequently consider five factors when assessing the propriety of a motion to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opponent; (4) futility of the amendment; and (5) whether the pleadings have previously been amended. Futility of the amendment, alone, can justify denying a motion for leave to amend. Id. Otherwise, although no single factor is dispositive, prejudice to the opposing party is the most important factor. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

Defendants argue I should not allow Pritchett to file a Second Amended Complaint because the facts underlying his claim do not demonstrate the deliberate indifference to serious medical needs required to prove an Eighth Amendment claim. At most, defendants argue, Pritchett alleges a claim for medical negligence. I address this argument in the next section, but state for now that I do not consider the amendment futile.

Defendants also contend Pritchett was not diligent in identifying the alleged tortfeasors or the specific date of the incident.

Pritchett provided the court with a page from his medical records at the Clackamas County Jail. The page contains nurses' notes of the incident on June 30, 2008 in which the Jail transported Pritchett to the hospital due to blood sugar and blood pressure problems. I am unpersuaded by defendants' contention that Pritchett lacked diligence; he is proceeding pro se and is incarcerated. Pritchett filed the original Complaint on June 28, 2010, which is within the two year statute of limitations period for the claim, assuming the incident did occur on June 30, 2008. In two of the proposed amendments, Pritchett filled in details as he learned them. Defendants are only prejudiced

Page 3 - OPINION AND ORDER

by the Second Amended Complaint because Pritchett strengthened some of his claims in it.  I am

unaware of any evidence being lost due to the delay.

I do acknowledge that I already allowed Pritchett to amend his complaint once.  I am sure that

all parties, as well as the court, wish to see this case resolved as soon as possible, whether by motion

or at trial.  Thus, I grant Pritchett's request to file the proposed Second Amended Complaint but I

will not allow any additional amendments.

II.    Allegations Supporting an Eighth Amendment Violation

Defendants ask me to dismiss all of Pritchett's claims because he has not pleaded any facts

to support a finding of deliberate indifference to serious medical needs, as required to support an

Eighth Amendment violation.  According to defendants, Pritchett alleges claims for negligence, at

most.

Prison officials violate the Eighth Amendment if they are deliberately indifferent to a

prisoner's serious medical needs.  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

> To establish an Eighth Amendment violation, a prisoner must satisfy both the
> objective and subjective components of a two-part test.  First, there must be a
> demonstration that the prison official deprived the prisoner of the minimal civilized
> measure of life's necessities.  Second, a prisoner must demonstrate that the prison
> official acted with deliberate indifference in doing so.
>
> A prison official acts with deliberate indifference . . . only if the [prison
> official] knows of and disregards an excessive risk to inmate health and safety.
> Under this standard, the prison official must not only be aware of facts from which
> the inference could be drawn that a substantial risk of serious harm exists, but that
> person must also draw the inference.  If a [prison official] should have been aware
> of the risk, but was not, then the [prison official] has not violated the Eighth
> Amendment, no matter how severe the risk.  This subjective approach focuses only
> on what a defendant's mental attitude actually was.  Mere negligence in diagnosing
> or treating a medical condition, without more, does not violate a prisoner's Eighth
> Amendment Rights.

Id. (internal citation and quotation omitted).

Pritchett has an uphill battle to prove the jail medical personnel acted with deliberate indifference when nurse Armitage gave him insulin. Pritchett does not allege any facts supporting a conclusion that the jail medical personnel were aware the insulin injection created a substantial risk of serious harm. In light of Pritchett's pro se status, however, I am not willing to dismiss this case on the pleadings without an evidentiary record. Defendants may renew this argument in a motion for summary judgment, supported by evidence.

III.    Statute of Limitations

A.    Applied to all Claims

Section 1983 claims use the state's two-year statute of limitations for personal injury actions. Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002); ORS 12.110.

As discussed above, Pritchett provided a jail medical record which indicates the incident occurred on June 30, 2008. He filed this action on June 28, 2010. Although Pritchett did not properly authenticate the jail medical record, it is sufficient for me to deny defendants' motion to dismiss the entire action because I cannot conclude as a matter of law that it is untimely. Defendants may raise any other statute of limitations arguments in a second motion for summary judgment.

B.    Applied to Claim Alleged against Dr. Lewis

Defendants seek to dismiss the claim against Dr. Lewis because Pritchett did not add her to this case until he filed the Amended Complaint on July 5, 2011, which is well past the two-year statute of limitations.

Pritchett argues the discovery rule saves the claim against Dr. Lewis because he did not discover her identity until he received discovery after filing the original Complaint. Under the

discovery rule, the statute of limitations does not begin to run "until a plaintiff knows or, in the exercise of reasonable care should know, that he or she has been injured and that there is a substantial possibility that the injury was caused by an identified person's tortious conduct." Johnson v. Multnomah Cnty. Dep't of Cmty. Justice, 344 Or. 111, 118, 178 P.3d 210 (2008). Pritchett's allegations against Dr. Lewis are not clear.  If he alleges that Dr. Lewis did not properly supervise Nurse Armitage when she administered the insulin, Pritchett would have known on the day of the incident that a doctor was not present.  He could have filed the claim against Dr. Doe and later substituted in Dr. Lewis's true name.  The discovery rule does not apply here.

On June 28, 2010, Pritchett filed the Complaint naming two medical personnel, Nurse Jane Doe and Nurse Jim, among various other defendants.  Pritchett alleged both were employed as nurses.

On July 5, 2011, Pritchett filed the Amended Complaint and changed the medical personnel defendants to "Nurse Wendy Armitage, Doctor," and "Doctor Lewis."  The allegations state that Armitage is employed as a jail nurse and Lewis is employed as a jail doctor.

I agree with defendants that Pritchett changed his claims from ones alleged against two nurses to ones alleged against a nurse and a doctor.  The situation differs from the case in which a plaintiff brings a claim against a particular person but does not know the person's name.  Thus, I will not address whether ORCP 20(H), concerning the substitution of a true name for a fictitious party, applies here.  See Lindley v. Gen. Elec. Co., 780 F.2d 797 (9th Cir. 1986) (applying California statute which effectively extended statutes of limitations when true names were substituted in for John Doe defendants under certain circumstances).

The issue is whether the Amended Complaint, which first named Dr. Lewis, relates back to the original Complaint. Under Federal Rule of Civil Procedure 15(c)(1), an amended pleading which "changes the party or the naming of the party against whom a claim is asserted" relates back to the date of the original pleading if the amendment arose out of the same conduct alleged in the original pleading and, if within 120 days after the complaint is filed, the party brought in by amendment: "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

The original Complaint contains two sentences alleging the supporting facts. The first alleges that Nurse Jane Doe acted with deliberate indifference when she gave Pritchett an excessive dose of insulin and failed to monitor his condition. The second alleges that Clackamas County, the County Commissioners, and the Sheriff acted with deliberate indifference by failing to adequately provide funding for a full-time doctor to supervise the nurse and medical staff at the jail.

Even if Dr. Lewis had seen these allegations in time, they are inadequate to inform her that Pritchett intended to sue her but did not know her name. Thus, the Amended Complaint does not relate back to the original Complaint. The Amended Complaint was filed on July 5, 2011; the two-year statute of limitations ran in June 2010. Pritchett's claim against Dr. Lewis is more than a year late. I grant summary judgment dismissing all claims Pritchett alleges against Dr. Lewis.

IV.    Claims Alleged against Clackamas County Commissioners

Defendants seek to dismiss the claims Pritchett alleges against the Clackamas County Commissioners, whom he named as a group rather than individually. Defendants note that the

Commissioners change regularly through the elective process and cannot be sued in their official capacity.

In Monell v. Department of Social Services of New York, 436 U.S. 658, 690, 98 S. Ct. 2018 (1978), the Court held that the word "person" in § 1983 includes municipalities and other local governing bodies which may be liable under any of three theories: (1) if an employee was acting pursuant to an expressly adopted official policy; (2) if an employee was acting pursuant to a longstanding practice or custom; or (3) if an employee was acting as a final policymaker. Lytle v. Carl, 382 F.3d 978, 982 (9th Cir. 2004).

Other than municipalities and local governing bodies, governmental associations are only subject to suit under Section 1983 if the parties that created them intended to create a separate legal entity. Hervey v. Estes, 65 F.3d 784, 792 (9th Cir. 1995). For example, under Oregon law, each county is a "body politic and corporate" for the purpose "to sue and be sued," among others. ORS 203.010(1). I am unaware of a similar statute creating boards of county commissioners as separate legal entities. See ORS 204.005 to 204.013 (providing for election of county commissioners but not indicating that the board was a separate legal entity).

Pritchett did not choose to sue the County Commissioners in their individual capacities. The law does not allow him to bring a Monell claim against the board. Accordingly, I dismiss the claim against the Clackamas County Commissioners.

V.    Claim Alleged against Clackamas County Sheriff Roberts

In the Second Amended Complaint, Pritchett alleges the following against the Sheriff:

> Sheriff Craig Roberts deliberately instituted a policy of deliberate indifference to the medical needs of the plaintiff by knowingly and willfully not hiring a full time doctor as needed to control the medical jail department under his control.

Second Am. Compl. ¶ 11.

In the original Complaint, Pritchett named Sheriff Roberts as a defendant but included no allegations about him. Defendants seek to dismiss the claim against Sheriff Roberts because of the lack of allegations. Pritchett's allegation in the Second Amended Complaint, however, is sufficient to state a <u>Monell</u> claim against Sheriff Roberts acting as a final policymaker. Consequently, I do not dismiss the claim at this point.

## CONCLUSION

Pritchett's request to file a Second Amended Complaint in Plaintiff's Amended Response and Opposition to Defendant's Motion for Judgment on the Pleadings or Summary Judgment [34] is granted. The operative complaint will be the proposed Second Amended Complaint attached to Pritchett's document [34]; there is no need for Pritchett to file the Second Amended Complaint as a separate document. The Clerk of Court is directed to file the attachment to document [34] as the Second Amended Complaint.

Defendants' Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment [25] is granted in part–all claims are dismissed against the Clackamas County Commissioners and Dr. Lewis.

Any additional motions for summary judgment must be filed by January 6, 2012; responses are due by January 30, 2012; replies are due by February 16, 2012.

IT IS SO ORDERED.

DATED this ____1st____ day of December, 2011.

　/s/ Garr M. King　　　　　　　
Garr M. King
United States District Judge